826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jiro SEKINE, Hiroshi Komatsuzaki, Hiroshi Hara and Nobuyuki
Kameyama, Appellants,
v.
Neil G. SEELY and David C. Smart, Cross-Appellants.
 Nos. 87-1098, 87-1126
 United States Court of Appeals, Federal Circuit.
 July 21, 1987.
 
 DECISION
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 RICH, Circuit Judge.
 
 
 1
 These cross appeals are from the October 2, 1986, decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (board) in Interference No. 101,210 awarding priority of invention to the junior party Neil G. Seely and David C. Smart (Seely), the inventors named in U.S. Patent No. 4,332,453 of June 1, 1982. We affirm.
 
 OPINION
 
 2
 The senior party, Jiro Sekine, Hiroshi Komatsuzaki, Hiroshi Hara, and Nobuyuki Kameyama (Sekine), rely for priority only on the Japanese filing date of December 26, 1980, the benefit of which they were accorded for their U.S. application, serial No. 333,936, filed Dec. 23, 1981.
 
 
 3
 The board held that Seely established conception of the claimed invention, a construction of a bottom-loading camera, utilizing a film cartridge from which a normally curled film leader protrudes, acting to straighten the leader as the cartridge is inserted, by the making of a model as early as October 27, 1980. The earliest date the board awarded Seely for a reduction to practice was the filing date of the Seely application on May 6, 1981, constituting a constructive reduction to practice. During the period from just prior to Sekine's December 26, 1980, filing date to Seely's filing date, some 18 1/2 weeks (4 1/3 months), the board found, after a detailed review of the evidence, that Seely had shown 'reasonably continuous diligence toward (constructively) reducing the invention to practice.'
 
 
 4
 The diligence found here, in accordance with the legal dictates of 35 USC 102(g), was that of the patent department of Eastman Kodak Company in collaboration with the inventors, employees of that company, the real party in interest. The real party in interest on the Sekine side is Fuji Photo Film Co., Ltd. The diligence in this case concerns the normal activities of a corporate patent department and has been referred to as 'attorney diligence.'
 
 The board found:
 
 5
 We do not regard 15 weeks as an excessive amount of time to prepare preliminary drawings, prepare a draft application, finalize the drawing, review the application, and put it in final form. There is no evidence that the attorney ever laid the invention aside, or gave preference to preparation of an application on any later invention. . . .
 
 
 6
 Accordingly, we find that the junior party has shown the exercise of reasonably continuous diligence during the critical period, and therefore is entitled to an award of priority.
 
 
 7
 Having reviewed the record and considered the briefs, we are unable to find the board's findings clearly erroneous and we agree with its conclusion on priority. We find reasonable diligence adequately proved and we do not agree with Sekine that the board 'shifted the burden of proof' of lack of diligence to Sekine. Seely had the burden of proof and the board found it was sustained. That finding was not clearly erroneous.
 
 
 8
 We find Sekine's argument re erroneous admission of evidence, Exhibits G and H, to be without merit.
 
 
 9
 Since we sustain the board's reasons for its award of priority to Seely, we need not consider Seely's cross appeal argument that Seely actually reduced to practice before the Japanese filing date of Sekine, an alternative route to the same result.